IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| ELLIS TRICE | ) | |
| ADC #144462 | ) | |
|    Petitioner, | ) | **Case No. 5:11-CV-00087 JMM-JTK** |
| | ) | |
| v. | ) | |
| | ) | |
| RAY HOBBS, Director, | ) | |
| Arkansas Department of Correction | ) | |
|    Respondent. | ) | |

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### Instructions

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**Disposition**

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Ellis Trice on April 12, 2011 (Doc. No. 1).[1] A response was filed by Respondent Ray Hobbs on June 7, 2011 (Doc. No. 14). Petitioner did not exercise his right to file a reply. After reviewing the parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

**Background**

On April 13, 2009, Petitioner was convicted of computer child pornography in the Crawford County (Arkansas) Circuit Court. He was sentenced to 15 years' confinement in the Arkansas Department of Correction. Petitioner subsequently filed a direct appeal with the Arkansas Court of Appeals, arguing that the evidence was insufficient to support his conviction.

---

[1] Petitioner subsequently filed an amended petition on August 10, 2011 (Doc. Nos. 16, 19).

His appeal was denied on January 6, 2010. *Trice v. State*, 2010 Ark. App. 6.  Petitioner did not file a petition for rehearing or seek review from the Arkansas Supreme Court.

On May 25, 2010, Petitioner filed a motion for postconviction relief pursuant to Ark. R. Crim. P. 37.1, alleging ineffective assistance of counsel, prosecutorial misconduct, and that evidence used at trial was obtained pursuant to an unconstitutional search and seizure.  That motion was denied as untimely on June 16, 2010.  Petitioner's subsequent appeal was dismissed by the Arkansas Supreme Court on February 17, 2011. *Trice v. State*, 2011 Ark. 74 (per curiam).

On January 18, 2011, Petitioner filed a petition for state habeas corpus alleging that his conviction was based on evidence obtained unconstitutionally under the Fourth Amendment. That petition was denied summarily on February 4, 2011.

## Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2254, alleging that the evidence at trial was the result of an unconstitutional search and seizure.[2] The merits of this argument will not be addressed because it is both time barred and procedurally barred.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Petitioner's appeal was denied by the Arkansas Court of Appeals on January 6, 2010, and the limitations period

---

[2] The original petition included an argument regarding juror bias (Pet. 6, Doc. No. 1), but this was not included in the amended petition (Doc. No. 16; Doc. No. 19).  The Court will not address this argument because it was superseded by the amended petition and because it is still time barred and procedurally barred.

began to run eighteen[3] days later on January 25, 2010. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 656 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires."); Ark. Sup. Ct. R. 2-4(a) ("A petition to the Supreme Court for review of a decision of the Court of Appeals must be in writing and must be filed within 18 calendar days from the date of the decision, regardless of whether a petition for rehearing is filed with the Court of Appeals."). Thus, Petitioner was required to file his petition by January 25, 2011, but he did not file it until seventy-seven days later on April 12, 2011.

Petitioner's May 25, 2010 petition for Rule 37 relief did not toll the limitations period because it was untimely, and only a "properly filed application for State post-conviction" review can toll the limitations period. 28 U.S.C. § 2244(d)(2). "[T]ime limits, no matter their form, are 'filing' conditions." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). "[A]n untimely petition would not be deemed 'properly filed.'" *Id.* at 413 (quoting *Artuz v. Bennett*, 531 U.S. 4 (2000)). Although it appears that Petitioner's subsequent state habeas petition was also improperly filed, it is sufficient to note that the seventeen-day period the petition was pending would not affect the untimeliness of his current petition.

There is no argument or indication that any of the statutory exceptions to the one-year period of limitation apply. *See* 28 U.S.C. § 2244(d)(1)(B)-(D) (explaining that the limitations period will be tolled in situations where the state impeded relief, new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim). Nor is there any

---

[3] Eighteen days would have actually been January 24, 2010, but that was a Sunday. The Court would also note that the date of the appellate court's mandate is no longer relevant for federal habeas limitations purposes. *See King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (noting *Gonzalez*'s abrogation of *Riddle v. Kenma*, 523 F.3d 850 (8th Cir. 2008), which held that the relevant starting date for limitations purposes was the date that the mandate was issued).

reason to believe that equitable tolling would be appropriate. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). Accordingly, the Court finds that the Petitioner's petition is time barred.

Petitioner's claims are also procedurally barred because the only argument he presented on direct appeal challenged the sufficiency of evidence at trial. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848). Thus, Petitioner failed to properly exhaust his remedies regarding the legality of the police search, and his procedural default prevents any federal consideration of this claim.

**Conclusion**

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

SO ORDERED this 14th day of May, 2012.

_____
United States Magistrate Judge